IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-09-539 |
| | * | |
| DUANE ROBERTS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Before the court is Duane Roberts's pro se request "for some direction" on how to "apply for Cares Act/Covid-19 relief," including compassionate release. (ECF 97). In response to Roberts's letter, the court informed Roberts that he should contact the Federal Public Defender for the District of Maryland, which has been appointed to represent any defendant who qualifies for consideration under 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release statute"). (*See* ECF 98).

It is now the court's understanding that the Federal Public Defender will not be representing Roberts. If Roberts wishes to file a pro se motion for compassionate release, he should do so within 60 days of the entry of this Order. Any motion should include documentation showing that Roberts has exhausted his administrative remedies, as the court may not consider a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* 18 U.S.C. § 3582(c)(1)(A).

To the extent that Roberts seeks relief under the CARES Act, the court is without authority to grant it. While the CARES Act authorizes the Bureau of Prisons, in certain circumstances, to lengthen the amount of time a defendant may be placed on home confinement, *see* CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, "[t]his provision does not authorize the court to order [a] defendant's placement in home confinement," *see United States v. Gray*, No.

1

4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020). Indeed, "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

Accordingly, it is hereby ORDERED that:

1. If Roberts wishes to file a motion for compassionate release, he SHALL FILE the motion within 60 days of the entry of this Order;

2. Any motion for compassionate release SHALL INCLUDE evidence that Roberts has exhausted administrative remedies; and

3. The Clerk SHALL SEND a copy of this Order to Roberts.


|  7/28/20  |          /S/          |
|---|---|
| Date | Catherine C. Blake<br>United States District Judge |