IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-09-539 |
| | * | |
| DUANE ROBERTS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM & ORDER**

Now pending is Duane Roberts's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 107). Roberts seeks relief on the basis that Petersburg FCI, where he is currently incarcerated, has had an outbreak of COVID-19 and that the facility is taking insufficient precautions to protect him from the virus.

The court is not persuaded that Roberts's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Roberts does not state that he has any underlying medical conditions that would increase his risk of severe illness related to COVID-19. While the court acknowledges Roberts's concerns about the conditions at Petersburg FCI, and appreciates his rehabilitative efforts, without evidence that Roberts himself is particularly vulnerable to COVID-19, the court does not find that current conditions at Petersburg FCI *alone* constitute an "extraordinary and compelling" reason for his release.

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

To the extent that Roberts requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

Accordingly, the motion (ECF 107) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __19th__ day of May, 2021.

      /S/_____
Catherine C. Blake
United States District Judge